**NORMAN'S ON THE WATERFRONT, INC., Petitioner**

**v.**

**VIRGIN ISLANDS BOARD OF CONTROL OF ALCOHOLIC BEVERAGES and CYRIL E. KING, GOVERNMENT SECRETARY OF THE VIRGIN ISLANDS, Respondent**

## Civil No. 279-1968

## District Court of the Virgin Islands

Div. of St. Thomas and St. John

## November 26, 1968

*See, also, 292 F.Supp. 391*

---

[6] Nestor v. State, 1932, 121 Tex. Cr. 22, 51 S.W.2d 399, 401.
[7] See United States v. Heliczer, 2 Cir. 1967, 373 F.2d 241, 245.

MAAS, IRELAND & BRUNO (THOMAS D. IRELAND, ESQ.), *for petitioner*

PETER J. O'DEA, ESQ., First Assistant Attorney General, *for respondent*

CLARY, *Chief Judge*

(Sitting by Special Designation)

## MEMORANDUM OPINION AND ORDER

The petition, filed in the above-captioned action by a Virgin Islands corporation, a dealer in alcoholic beverages, seeks relief from the determination and order of The Honorable Cyril E. King, Government Secretary of the Virgin Islands, head of the Virgin Islands Board of Control of Alcoholic Beverages acting for the Board, condemning and confiscating approximately 877 cartons of various alcoholic beverages, part of a shipment of 972 cartons received by petitioner from Rotterdam, Holland, on July 10, 1968. Both petitioner and respondents have filed background statements and Requests for Findings of Fact and Conclu-

sions of Law following a full evidentiary hearing on November 19, 1968, at the conclusion of which the case was submitted to the Court for determination.

Counsel for both petitioner and respondents have made excellent and complete background statements of the controversy involved which the Court feels need no elaboration.

The Court now adopts and AFFIRMS as stated petitioner's Request for Findings of Fact as follows: I, II, III, IV, V, VI, VII, VIII, IX, X, XI, XII, XIII, XIV.

The Court AFFIRMS respondents' Request for Findings of Fact as follows: I, II, III, IV, V, VI, VII, VIII; as to respondents' Request IX, the phrase "but whose alcoholic content has been analyzed and verified" is deleted and with the deletion the remainder is AFFIRMED; X, XI, XII, XIV; Request XIII only is DENIED.

Petitioner's and respondents' Conclusions of Law I are AFFIRMED; petitioner's Request II and III are DENIED as stated, and respondents' Conclusion of Law II is DENIED. These will be covered by the language of the Memorandum Opinion which follows.

In effect, there is no dispute between the petitioner and the respondents over the facts of this particular case. In Request No. XIII, respondents ask the Court to find a valid distinction in the facts of this case as contrasted with previous cases and approve the action of the Secretary in confiscating the goods on the very narrow ground that at the time they were confiscated the duty had not been paid on the goods then in petitioner's warehouse, whereas in other cases duty had been previously paid. This distinction becomes one without a difference when it is admitted that the Bureau of Customs of the United States demanded and was paid full custom duty shortly thereafter on the whole imported shipment. The respondents also ask me to find that the Government Secretary

and the Board of Control of Alcoholic Beverages have established no procedures or requirements by which persons may qualify as "otherwise duly authorized" to affix labels to improperly labeled bottles of alcoholic beverages within the meaning of 8 V.I.R.&R. § 2–1. This is without dispute.

The crux of this case centers around Regulation § 2–1 set out below.[1]

In its Conclusion of Law II, respondent has suggested for the first time that the Government Secretary has no power to authorize wholesalers and retailers to affix stickers showing proof and alcoholic content to bottles after they have been imported into the United States; further that the Secretary cannot grant such permission to retailers and wholesalers until proper evidence in form and substance satisfactory to the Board and the Government Secretary has been lodged with the Office of the Secretary, which essentially would consist of a verified Power of Attorney or other evidence of the appointment of the wholesaler or retailer (apparently by the producer) with proper authorization to give evidence that the wholesaler or retailer is in a position to be qualified to place such labels on bottles not processed or filed under the direction of the wholesaler or retailer; and that such evidence should consist of a certification from the Chief Chemist of the manufacturer or bottler attesting to the alcoholic content of the shipment of liquor. In simple language, this means that the Court is asked to interpret this regulation in such a manner as to justify the confiscation of the goods by the Secretary. This the Court refuses to do.

---

[1] "Every bottle of distilled spirits sold, manufactured, bottled, rectified, blended, or purchased for sale or for export within and from the Virgin Islands shall have affixed thereto a label conforming to the requirements of these regulations, and no distiller or dealer in distilled spirits shall purchase or sell any distilled spirits in bottles unless such label is affixed thereto; provided, however, that such distillers or dealers if otherwise duly authorized, may import distilled spirits not labeled in accordance with this division, provided such distilled spirits are properly labeled in accordance with this division prior to sale or other disposition thereof."

■ The Court will interpret this § 2–1 regulation precisely as the Secretary has interpreted it since its inception. The evidence on the part of the Secretary by a member of his staff was that on numerous occasions liquor has been purchased abroad. When it reached the Virgin Islands, the bottles lacked the necessary labels to show in English the net content of the bottles and the alcoholic proof.

The facts testified at the hearing clearly revealed that the Secretary and the Board have in such circumstances followed a course which is entirely practical, realistic, and undoubtedly of great value to the economy of the Virgin Islands, to wit, to authorize dealers, after a test of a sample at the expense of the dealer, to affix additional proper labels to the remaining items of shipments in the same category to clearly set forth the liquor content and alcoholic proof before such items were permitted to be placed on sale. No one has raised the question or quarreled with the authority of the Board and the Secretary to issue regulations under the Act which are reasonable in nature and enforced impartially. This is not the situation in this case. There are realistically no covering regulations here and they are not before the Court for scrutiny or comment.

■ It may be noted at this point that a vast majority of the bottles involved in this case are "standard name brands", the content of which is well known to all liquor dealers as well as the alcoholic proof thereof. The record demonstrates that the Office of the Secretary, when satisfied on this point, has uniformly allowed the wholesaler or retailer to correct the deficiency without the necessity of special analysis and test.

The petitioner is entitled to the same procedural due process accorded other persons in similar circumstances. No reason has been advanced by the Secretary or the

Board as to why the Secretary should suddenly and without explanation decide to investigate this particular shipment. He had always approved the practice heretofore above outlined of tests and labeling.

 Therefore, the Court determines the action of the Secretary in this instance to be arbitrary and capricious in a legal sense, but the Court hastens to point out that the decision in this case rests upon its own peculiar facts, and this decision and opinion is not to be construed as in anywise limiting or attempting to limit the powers of the Secretary and the Board to issue precise regulations covering this particular situation (not presently covered).

An Order will follow requiring the Secretary to return the seized items to the petitioner after a sample of each item has been tested (if necessary) under the direction of the Secretary and proper identifying labels have been attached to the remainder as directed by the Secretary, the expenses of which are to be borne by the petitioner.

The foregoing may be considered as additional Findings of Fact and Conclusions of Law to those previously affirmed. In the event there is any lack of clarity between the affirmed Requests and the Memorandum Opinion, the language of the Opinion will govern.